IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. 1:11cr561 |
| ) | |
| SYED GHULAM NABI FAI  ) | |

### JOINT MOTION TO RELEASE GRAND JURY INFORMATION

The defendant and the United States jointly move for permission to disclose materials subpoenaed by the grand jury in the investigation of defendant Syed Ghulam Nabi Fai.

Defendant Fai has pled guilty to offenses including conspiring to impede the Internal Revenue Service. Since the criminal case is almost completed, the Internal Revenue Service will undertake to determine the correct tax consequences for defendant Fai and the Kashmiri American Council based on the facts of the defendant's conviction. To assist both the Service and defendant Fai in determining accurately his tax obligations, it is requested that disclosure to the Internal Revenue Service be permitted.

The disclosure of documents in existence independent of the grand jury (such as banking records) do not disclose "matters occurring before the grand jury" merely because such documents were obtained by the grand jury. *United States v. Reiners*, 934 F.Supp. 721 (E.D. Va. 1996) (Ellis, J.). Ordinary business records and other documents which have been subpoenaed and presented to the grand jury simply do not constitute grand jury material:

> [I]t is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury. Thus, when testimony or data is sought for its own sake -- for its intrinsic value in furtherance of a lawful investigation -- rather than to learn what took place before the grand jury, it is not a valid defense to disclosure that the same information was revealed to a grand jury or that the same documents had been, or were presently being, examined by a grand jury. [Citations omitted.]

*United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2nd Cir. 1960) (en banc), re-affirmed as the law of the circuit in *DiLeo v. Commissioner*, 959 F.2d 16 (2d Cir. 1992).

As in *Reiners, Interstate Dress Carriers,* and *DiLeo*, the government seeks to disclose only the records themselves, and not what use the grand jury made of them. Other courts have come to similar conclusions. *United States ex rel. Woodard v. Tynan*, 757 F.2d 1085, 1087 (10th Cir. 1985) (the rule of secrecy is intended to protect only disclosures "of what is said or what takes place in the grand jury room" and not to bar disclosure of ordinary business records "merely because those records were at some time submitted to a grand jury investigating criminal culpability"); *United States v. Stanford*, 589 F.2d 285, 291 (7th Cir. 1978). Accordingly, the disclosure of those records obtained by grand jury subpoena that were maintained in the ordinary course of business by financial institutions, banks, mortgage companies, credit card companies, credit bureaus, and businesses that acted as vendors or suppliers to the aforementioned subjects, should not disclose "matters occurring before the grand jury." Thus, disclosure of these records should not violate Rule 6(e) of the Federal Rules of Criminal Procedure.

In any event, the reasons for grand jury secrecy are no longer applicable here. The defendant concurs in this motion. Such disclosure would promote economy of resources, avoid duplication of effort by the IRS, Examination Division, and aid the defendant by allowing the IRS to make an accurate determination based on more complete records. This was a voluminous case with thousands of documents, many of which are old and may no longer be available. In sum, the benefits of disclosure outweigh the need for continued secrecy.

Thus, the parties request permission to disclose documents and testimony from the grand jury investigation of Ghulam Nabi Fai to persons of the Internal Revenue Service for use in its determination of the tax obligations of defendant Fai and the Kashmiri American Council.

Respectfully submitted,

Neil H. MacBride
United States Attorney

By: _____/s/_____
Gordon D. Kromberg
Assistant United States Attorney
Virginia Bar No. 33676
Attorney for the United States
2100 Jamieson Avenue
Alexandria, VA 22314
(703) 299-3700
(703) 837.8242 (fax)
gordon.kromberg@usdoj.gov

Seen and Agreed:

_____/s_____
Nina J. Ginsberg
Counsel for Defendant

SO ORDERED:

_____
Liam O'Grady
United States District Judge

Date: March 29, 2012

Alexandria, Virginia

3